**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MINE SAFETY APPLIANCES COMPANY**, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:09cv348 Electronic Filing |
| **THE NORTH RIVER INSURANCE COMPANY** and **RIVERSTONE CLAIMS MANAGEMENT LLC**, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 19th day of September, 2012, after de novo review of the record and upon due consideration of [336] the Special Discovery Master's Report and Recommendation addressing North River's Motion to Compel Mine Safety Appliances ("MSA") to respond properly to North River's requests for production of documents concerning MSA's products, and the parties' submissions in conjunction therewith, IT IS ORDERED that [242], [267] the motion be, and the same hereby is, granted in part and denied in part.   The motion is granted to the extent it seeks to compel MSA to produce all product catalogues in response to Request Nos. 92-95 and 97 in full, without redactions.   The motion is denied in all other aspects.   The report and recommendation of the Special Discovery Master as augmented herein is adopted in support of this ruling; and

IT IS FURTHER ORDERED that MSA shall abide by the representations regarding follow-up production and/or production in the original form assembled and/or collected by Ms. Karen Maston.

Defendant's objections are misplaced.  As highlighted by MSA in its Response in Opposition to North River's Objections (Doc. No.s 369, 390), the record contains more than sufficient information to support the Special Discovery Master's determination that North River's demand that MSA produce all products-related documents without limitation in scope as to product, time period, or custodian would cause an undue burden on MSA which far outweighs the likely benefit of such discovery.  North River has not demonstrated that the Special Discovery Master committed clear error in ascertaining the factual underpinnings leading to this assessment.

Moreover, it is clear that continuing to pursue such open-ended requests in light of the documents and information produced in this and the concomitant state court production seeks to impose production obligations that would be both extensively cumulative and unduly burdensome. Productions of the magnitude under review necessarily must take account of the technical capacities available and the physical manpower needed to complete the undertaking.  Merely noting a few instances that lend support to the inference that the opponent may have more responsive documents somewhere in the 80 year net cast by the initial open-ended requests does not provide sound reason to conclude that what has been produced and/or the method by which it has been assembled and produced is/are meaningfully deficient or strategically evasive.  Such perceived shortcomings and imperfections properly are pursued in follow-up discovery.

  s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Brian T. Himmel, Esquire
George L. Stewart, II, Esquire
Michael H. Sampson, Esquire
Alan S. Miller, Esquire
Bridget M. Gillespie, Esquire
Dennis O. Brown, Esquire
Henry M. Sneath, Esquire
(*Via CM/ECF Electronic Mail*)