IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MINE SAFETY APPLIANCES )
COMPANY, )
 )
      Plaintiff, )
 )
    vs. ) 2:09cv348
 ) Electronic Filing
THE NORTH RIVER INSURANCE )
COMPANY and RIVERSTONE )
CLAIMS MANAGEMENT LLC, )
 )
      Defendants. )

# MEMORANDUM ORDER

AND NOW, this 20th day of September, 2012, after <u>de novo</u> review of the record and upon due consideration of [187] the Special Discovery Master's Report and Recommendation addressing Mine Safety Appliances' ("MSA") Motion to compel North River to answer written discovery, answer deposition questions, and produce documents which relate to North River's trigger position, [198] the Special Discovery Master's Clarification limiting the breadth of the search North River must undertake, and parties' submissions in conjunction therewith, IT IS ORDERED that [144] the motion be, and the same hereby is, granted in part and denied in part. The motion is granted as follows:

North River shall:

(1) Fully respond to Interrogatory Nos. 26 and 27 of MSA's Interrogatories;

(2) Produce copies of all published medical literature in its possession, including that contained in the files of other insureds with similar claims, that MSA relied on in reaching the conclusion that the North River policies do not provide coverage for any claims relating

to the CWP underlying plaintiffs. If North River relied on published medical literature in reaching the above conclusion, but does not have copies of that literature, it shall specifically identify the literature;

(3) Answer deposition questions concerning positions North River has taken with other insureds with similar claims; and

(4) Answer deposition questions concerning the identity and location of copies of published medical literature relied on by North River in reaching the conclusion that the North River policies do not provide coverage for any claims relating to the CWP underlying plaintiffs.

IT FURTHER IS ORDERED that in complying with the above North River shall (1) search all files that use the Code "DU" and (2) search its CMS system for files from 2000 forward that contain the keywords "coal dust", "coal-dust", "coal mine dust", "coal-mine-dust", "coal-workers pneumoconiosis", "coal workers pneumoconiosis" or "coalworkers pneumoconiosis." The key word search protocol for (2) may be modified by written agreement of counsel. The motion is denied in all other aspects. The Special Discovery Master's initial Report and Recommendation (Doc. No. 187) as augmented therein is adopted in support of this order.

North River's objections are unavailing. It is well-settled that the ability to obtain discovery is not controlled by whether the inquire will produce actual evidence or whether any generated information will be admitted for some particular purpose under all the attendant circumstances. Such determinations must await proper development of the claims and defenses and a clear understanding of what information a party seeks to introduce at trial, the purpose(s) for

which it is being introduced, and the concomitant repercussions, if any, from its potential admission. A priory assertions and conclusions do not provide the foundation upon which to make such evidentiary determinations.

Instead, the touchstone of relevancy for the purpose of discovery is whether the inquiry is reasonably calculated to lead to the discovery of admissible evidence. As thoroughly explained by MSA, its "other insureds" inquiry easily meets this standard because it seeks information that is calculated to lead to a myriad of facts that could produce admissible evidence for one or both of MSA's counts. And the persuasive authority supports such an inquiry in cases of this nature.

Moreover, the fortress North River seeks to erect is unpersuasive. That North River's 30(b)(6) witnesses personally were "unaware" of any similar claims merely undermines the force of its arguments of burdensomeness and oppression; such assessments do not speak to or provide competent assessments of North River's knowledge about the existence and handling of any such claims. Its claim that the inquiry seeks a needle in a haystack that does not even exist stands on like footing. And any false positives that do not involve North River can be easily avoided or eliminated through refined searching or initial superficial review.

Similarly, the contention that "Riverstone is not a party to this action and North River does not have possession, custody or control over [its files to the extent they involve other insurers]" is wide of the mark. North River is not being compelled to produce any such files and a consulting expert on searching electronic data systems can assist in formulating protocols that eliminate the generation of any such files in the event North River and Riverstone lack the ability to do so. North River can move for relief on the basis of inability if an independent consultant ultimately comes to the conclusion that certain areas are incapable of being searched and/or further searching

would likely only produce results that are cumulative to those that have at that point already been generated.

Finally, all litigation of the instant magnitude comes with significant costs, inconveniences and potential business disruptions. Such maladies are at times extended to others in an unforeseen manner by decisions to contract a significant segment of one's business to a third party. But such matters and circumstances do not in themselves provide a valid basis to avoid the necessary evils imposed by the orderly administration of justice.

        s/ David Stewart Cercone  
David Stewart Cercone  
United States District Judge

cc:    Brian T. Himmel, Esquire  
       George L. Stewart, II, Esquire  
       Michael H. Sampson, Esquire  
       Alan S. Miller, Esquire  
       Bridget M. Gillespie, Esquire  
       Dennis O. Brown, Esquire  
       Henry M. Sneath, Esquire  
       (*Via CM/ECF Electronic Mail*)